IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

| | | |
|---|---|---|
| Charles A. Cribb, | ) | C/A NO. 8:05-3589-CMC-BHH |
| | ) | |
|     Plaintiff, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| Dillon County Sheriff's Office, Deputy | ) | |
| Chal Smith, Dillon County, and St. Eugene, | ) | |
| | ) | |
|     Defendants. | ) | |
| _____ | ) | |

This matter is before the court on Plaintiff's *pro se* complaint for alleged violations of his rights, in violation of 42 U.S.C. § 1983.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Bruce H. Hendricks for pre-trial proceedings and a Report and Recommendation. On October 10, 2006, the Magistrate Judge issued a Report recommending that the Defendants' motions for summary judgment be granted. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so. Plaintiff filed Objections on November 1, 2006.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the

recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After reviewing the record of this matter, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's Objections, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order.

At most, Plaintiff's complaint sounds of medical negligence, which is not actionable under 42 U.S.C. § 1983. *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990) (in order for plaintiff to succeed on a medical indifference claim, treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness, . . . mere negligence or malpractice does not violate the Eighth Amendment.") In addition, Plaintiff, in asserting a violation of his Eighth Amendment rights,[1] must allege acts or omissions sufficiently harmful to evidence deliberate and intentional indifference to his serious or life threatening medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Plaintiff's Objections to the Report fail to provide any legally sufficient reason to overturn the findings of the Magistrate Judge or to defeat summary judgment. Plaintiff has failed to assert a viable cause of action under 42 U.S.C. § 1983. Therefore, summary judgment is **granted** to the Defendants and this matter is dismissed with prejudice.

---

[1] As noted by the Magistrate Judge, at the time of the alleged incident, Plaintiff was a pretrial detainee. Therefore his claims of alleged deliberate indifference to his medical needs are governed by the Due Process Clause of the Fourteenth Amendment. *See City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239 (1983). The inquiry (deliberate indifference to a serious medical need) is, however, the same. *See Martin v. Gentile*, 849 F.2d 863, 871 (4th Cir. 1988).

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
November 7, 2006

C:\Documents and Settings\guest\Local Settings\Temp\notes6030C8\05-3589 Cribb v. Dillon County Sheriff e adopt rr gr sumjgm deliberate indifference.wpd